UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Oji Konata Markham, | Case No. 24-CV-01694 (JMB/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Hennepin County Clerk Office and Sara Gonsalves, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Oji Konata Markham's application to proceed in forma pauperis (IFP Application). (Doc. No. 2.) For the reasons noted below, the Court denies the IFP application and dismisses Markham's Complaint (Doc. No. 1) with prejudice.

## DISCUSSION

In her Complaint, Markham alleges that the Defendants "Hennepin County Clerk Office" and "Sara Gonsalves" (together, the Defendants) violated 18 U.S.C. §§ 2071 and 2076 and 42 U.S.C. § 1983 by failing to file certain exhibits in a proceeding pending before the Hennepin County Conciliation Court in which Markham was a party. (*Id.* at 4.) She alleges that their failure to do so caused the proceeding to resolve in a way that was not favorable to her. (*Id.* at 5–6.) Markham seeks $30 million in damages. (*Id.* at 3.)

Courts will deny an IFP application and dismiss the underlying legal action "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, "[i]f the court determines at any

1

time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). For the reasons discussed below, Markham's Complaint fails to state a claim on which relief may be granted.

First, the Court lacks subject-matter jurisdiction over Markham's claims under 18 U.S.C. §§ 2071 and 2076. These statutes fall within the federal criminal code, and neither provides civil litigants a private right of action. *See, e.g.*, *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (stating that federal criminal statutes generally do not provide private rights of action); *Bey v. Sessler*, No. 23-3421, 2024 WL 2078564, at *3 (6th Cir. Feb. 29, 2024) (concluding that there is no private right of action under federal criminal statutes, including sections 2071 and 2076 and listing cases); *Dunn v. Moll*, No. 22-35545, 2024 WL 813470, at *1 (9th Cir. Feb. 27, 2024) (concluding that there is no private right of action under section 2071).

Second, Markham's allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983. Section 1983 creates a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage" deprives any person of any rights secured by the Constitution or federal laws. 42 U.S.C. § 1983. To prevail on a section 1983 claim, a plaintiff must establish that a defendant's actions deprived them of some federal right. *See id.*; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). To determine whether a right is enforceable under section 1983, the plaintiff is required to demonstrate that, at minimum, that "Congress intended the statutory provision to benefit the plaintiff." *Midwest Foster Care & Adoption Ass'n v. Kincade*, 712 F.3d 1190, 1195 (8th Cir. 2013). This being the case, to the extent Markham seeks to enforce the terms of

18 U.S.C. §§ 2071 and 2076 via section 1983, her claim fails because, as noted above, sections 2071 and 2076 are criminal statutes that are not meant to "benefit the plaintiff." Further, Markham does not identify some other federal right that the Defendants allegedly violated.

For the reasons discussed above, Markham's Complaint fails to state a claim upon which relief can be granted. The Complaint will be dismissed and her IFP Application will be denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Oji Konata Markham's Complaint (Doc. No. 1) is DISMISSED WITH PREJUDICE.

2. Markham's IFP Application (Doc. No. 2) is DENIED as moot.


Dated: July 26, 2024                    /s/ *Jeffrey M. Bryan*
                                        Judge Jeffrey M. Bryan
                                        United States District Court